**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 08-21-C**

**JOHN A. ROYSE,**                                                                                    **PLAINTIFF,**

**V.**                                    **MEMORANDUM OPINION AND ORDER**

**CORHART REFRACTORIES COMPANY, INC., et al.,**                          **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court upon defendant American Arbitration Association's motion to dismiss (DE 14), defendant Corning Incorporated's motion for summary judgment (DE 12), and the plaintiff's motion for a judgment (DE 16). The court, having reviewed the record and being otherwise sufficiently advised, will grant the defendants' motions and enter judgment against the plaintiff.

**I.      Background**

The plaintiff was employed at Corhart Refractories Company, Inc., ("Corhart") for approximately sixteen years.  At the time of his employment, Corhart was a division of Corning, Inc. ("Corning").  The plaintiff was discharged from Corhart on November 29, 1979.  Prior to his discharge, he was employed as a journeyman industrial mold builder and was a member of the union with which Corhart had a collective bargaining agreement.

The events culminating in the plaintiff's discharge, although undisputed, are irrelevant to the instant case.   Pursuant to the collective bargaining agreement,

after his discharge the plaintiff filed a grievance, which eventually led to an arbitration proceeding on April 14, 1980.  The arbitrator rendered a decision favorable to Corhart on June 26, 1980.

In November of 1980, the plaintiff filed a complaint against Corhart in the United States District Court for the Western District of Kentucky, claiming that the arbitrator's decision was arbitrary and capricious and contrary to the facts and the evidence presented.  The court granted summary judgment in favor of Corhart, and the plaintiff appealed.  The Sixth Circuit Court of Appeals affirmed the district court's judgment.

In the present action, the plaintiff requests that this court overturn the arbitrator's opinion and award and reinstate his job with back pay.  In his complaint, the plaintiff alleges misconduct by the arbitrator and violation of the plaintiff's constitutional rights.  The plaintiff named the following defendants in this matter: Corhart Refractories Co., Inc.; Edgar A. Zingman; L.D. May; Corning Glass Works, Inc.; and American Arbitration Association ("AAA").

**II.     AAA's Motion to Dismiss**

**A.      Legal Standard**

Defendant AAA's motion is made under Federal Rule of Civil Procedure 12(b)(6).  Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.

*Bell Atlantic Corp. v. Twombly*, — U.S. — , 127 S. Ct. 1955, 1964 (2007) (citing

*Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In order to avoid dismissal under Rule

12(b)(6), a plaintiff must provide the grounds for his entitlement to relief. He need

not provide "a heightened fact pleading of specifics, but only enough facts to state

a claim to relief that is plausible on its face." *Id.* at 1974. When ruling on a

defendant's motion to dismiss, the court must accept as true all of the factual

allegations contained in the complaint. *Erickson v. Pardus,* — U.S. —, 127 S. Ct.

2197, 2200 (2007) (citation omitted). Dismissal is warranted only if "it is clear

that no relief could be granted under any set of facts that could be proved

consistent with the allegations." *Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d

598, 605 (6th Cir. 2005) (citation omitted).

**B.    Analysis**

AAA asserts that the plaintiff's claims against it must be dismissed because

it is immune from liability. Arbitrators and the boards that sponsor arbitrations are

immune from liability for acts arising out of the arbitration process. *Corey v. New

York Stock Exch.*, 691 F.2d 1205, 1208-09 (6th Cir. 1982) (extending immunity

from civil liability to private arbitrators and the boards which sponsor arbitration due

to the policies behind doctrines of judicial and quasi-judicial immunity and policies

unique to contractually agreed-upon proceedings); *see also Smith v. Shell Chemical

Co.*, 333 F. Supp. 2d 579 (M.D. La 2004) (finding AAA immune from liability due

to "doctrine of arbitral immunity"). The AAA is clearly a board that sponsors

arbitrations and functioned only as a neutral in the arbitration proceedings involving the plaintiff. Furthermore, the acts alleged by the plaintiff clearly took place within the scope of the arbitration.  The AAA is therefore immune from civil liability, and all claims against the AAA should be dismissed.

**III.     Corhart Inc.'s Motion for Summary Judgment**

**A.     Legal Standard**

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  The moving party can satisfy its burden by demonstrating an absence of evidence to support the non-movant's case.  *Id*. at 324-25.  To survive summary judgment, the non-movant must come forward with evidence on which the jury could reasonably find in its favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986).  The non-movant must present more than a mere scintilla of evidence to defeat a motion for summary judgment.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989); Fed. R. Civ. P. 56(e).   The court must view all of the evidence in the light most favorable to the party opposing summary judgment.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**B.     Analysis**

Defendant Corning has asserted that it is entitled to summary disposition

4

under the doctrine of *res judicata*, or claim preclusion, because of the plaintiff's prior federal court action.[1]   The doctrine of claim preclusion provides that parties are absolutely barred from re-litigating issues that were or could have been raised in a prior action.  *See Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994).  A claim is barred by claim preclusion when the following requirements have been met:  (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.  *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).  In the present case, all four requirements are met.

First, in the plaintiff's prior action, the district court granted summary judgment in favor of defendant Corhart.  *See* DE 12, exhibit 4, *Royse v. Corhart Refractories*, No. C 80-0614-L (W.D. Ky. April 7, 1982) (unpublished).  This decision constitutes a final decision on the merits.  *See Helfrich v. Metal Container Corp.*, 11 Fed. App'x 574, 576 (6th Cir. 2001) ("The district court rendered a final decision on the merits by granting summary judgment . . . .").  The Sixth Circuit Court of Appeals affirmed the district court's decision.  DE 12, exhibit 5, *Royse v. Corhart Refractories, Co.*, No. 82-5278 (6th Cir. Sept. 9,1983)(unpublished).

Second, this is a subsequent action between the same parties, even though

---

[1]Defendant Corning made other arguments in its motion that the court finds it unnecessary to address.

only Corhart was a defendant in the prior case. Nonparty preclusion is inappropriate unless one of six established exceptions applies. *Taylor v. Sturgell*, — U.S. —, 128 S. Ct. 2161, 2172 (2008). One such exception exists when there exists a "substantive legal relationship" between the party to be bound and the party to the prior law suit. *Id.* at 2172, 2172 n.8 (declaring that this language was preferable to "in privity," as the latter expression was being used imprecisely). Another exception occurs when a party's interests were adequately represented during the course of the previous action. *Id.* The plaintiff and Corning agree that at the time of the previous case, Corhart was a division of Corning. Although the specifics of the relationship between Corhart and Corning have not been presented to the court, clearly one of these two exceptions applies. For the purposes of establishing the applicability of the doctrine of claim preclusion, where one entity is a wholly owned subsidiary of the other, the two entities are in privity. *See In re Imperial Corp of Amer.*, 92 F.3d 1503 (9th Cir. 1996); *B-S Steel of Kansas, Inc. v. Texas Indus., Inc.*, 327 F. Supp. 2d 1252, 1259 (D.Kan 2004). There is a difference in the corporate structures of a corporation with internal divisions and a corporation that is a wholly owned subsidiary of a parent corporation. For the purposes of establishing the applicability of the claim preclusion doctrine, however, it is a distinction that does not require a different outcome. *See, e.g.*, *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 771-74 (1984) (finding no substantive difference between a single corporation with multiple divisions and a

corporation having a wholly owned subsidiary for the purposes of §1 of the Sherman Act).  Here, in either corporate structure, there clearly is a "substantive legal relationship" between the two defendants.  Furthermore, Corhart, as an internal division of Corning, was able to represent adequately the interests of both entities.

Third, the plaintiff could have raised his present claims in the prior action.  In the present case, the plaintiff alleges that the arbitrator presiding over the arbitration of his case engaged in misconduct and violated his constitutional rights. In the prior case, the "thrust of the plaintiff's complaint was that the arbitration award is arbitrary, capricious, and contrary to the facts and evidence presented." DE 12, exhibit 4, *Royse*, at *1.  In its opinion, the district court noted that the plaintiff "made no argument that the award was procured by fraud or that it was made in bad faith.  Nor does he suggest that it demonstrates bias or collusion."  *Id.* at *2.  The claims now made by the plaintiff were clearly closely associated with the claims made previously and should have been raised in the earlier action.  The plaintiff may not attempt to remedy gaps in his previous argument by filing another action.

Fourth, there is an identity of the causes of action between the present case and the previous case.  An identity of causes of action between two cases exists when there is "an identity of the facts creating the right of action and of the evidence necessary to sustain each action."  *Westwood Chemical Co. v. Kulick*,

7

656 F.2d 1224, 1227 (6th Cir. 1981).  A determination of whether the arbitrator

engaged in any misconduct would require review of the same facts and

circumstances of the 1980 arbitration proceeding that were put at issue in the

previous suit by the plaintiff's allegations that the arbitrator's decision was contrary

to the facts and evidence presented at the proceeding.

No genuine dispute as to any material fact exists as to the applicability of the

doctrine of claim preclusion, and summary judgment in favor of Defendant Corning

should be granted.

**IV.     Absent Defendants**

Defendant Corhart Refractories remains listed as a defendant in this matter,

but, according to both the plaintiff and Defendant Corning, Corhart no longer exists

as a division of Corning.  *See* Plaintiff's Amended Complaint, DE 7, ¶1;

Defendant's Motion for Summary Judgment, DE 12.  Although the plaintiff sought

to "add" Corning, in the same paragraph he gave as his reason that Corhart no

longer exists.  He should not have included Corhart in the caption of the case.

Defendants L.D. May and Edgar A. Zimmerman have not received process in

this case.  L.D. May was the arbitrator who presided over the plaintiff's

proceedings in 1980.  Edgar A. Zimmerman was the attorney representing Corhart

at the arbitration hearing.  From the court's review of the record, it is not clear

whether this deficiency is due to the plaintiff's failure to provide an accurate

address for these two defendants or whether the Clerk of the Court simply failed to

mail the summons provided by the plaintiff.[2]

According to the Federal Rules of Civil Procedure, "[a] summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."  Fed.R.Civ.P. 4(c)(1).  A defendant must be served within 120 days after the complaint is filed.  Fed.R.Civ.P. 4(m).  A district court has discretion to dismiss an action for failure to serve a defendant with the summons and complaint.  *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006); *see also* Fed.R.Civ.P. 15(b) (authorizing the court to dismiss an action for insufficiency of service of process).  When the court so dismisses claims on its own motion, the court first must give the plaintiff notice of its intent to do so.  Fed.R.Civ.P. 4(m).  The defendants here have filed no motion to dismiss on this ground, and the court would be proceeding on its own motion.

However, where a claim is so completely devoid of merit that the court lacks

---

[2]In his original complaint, the plaintiff named only Corhart, L.D. May, and Edgar Zimmerman as defendants and neglected to include the filled-out summons. DE 1. After notice of the problem from the Clerk of the Court, the plaintiff filed summons.  Before the clerk had sent out the summons, however, the plaintiff filed an amended complaint adding defendants AAA and Corning and included summons as to these defendants.  DE 7.  Only the summons as to these defendants were mailed and returned executed.  DE 9, 10.  Counsel for Corning included in an affidavit the information that Edgar Zimmerman, who represented Corhart during the 1970s, had now retired and no longer practiced with the firm.  Affidavit of Edwin S. Hopson, DE 12, attachment 1.  However, Mr. Zimmerman was never removed as a defendant.

subject-matter jurisdiction to hear the case, the court may, on its own motion, dismiss claims prior to the service of process. "Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend his complaint." *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999)). However, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.*; *see Metzenbaum v. Nugent*, 55 Fed.App'x 729 (6th Cir. 2003) (affirming district court's *sua sponte* dismissal prior to service of process for lack of subject-matter jurisdiction where the plaintiff's claim was absolutely devoid of merit).

A claim is completely devoid of merit where the plaintiff seeks monetary damages from a judge for acts performed within his judicial duties. *Metzenbaum*, 55 Fed.App'x 729 (court lacked subject-matter jurisdiction to hear claim against judge defendant who was entitled to absolute judicial immunity because it was completely lacking merit). L.D. May, the named defendant, is entitled to absolute immunity for any actions performed within the scope of his or her duties as an arbitrator. The immunity granted an arbitrator for acts performed within the scope of his or her official duties is akin to judicial immunity. *See Corey*, 691 F.2d 1205;

*see also Olson v. Nat'l Ass'n of Sec. Dealers*, 85 F.3d 381, 382 (8th Cir. 1996)("Because an arbitrator's role is functionally equivalent to a judge's role, courts of appeal have uniformly extended judicial and quasi-judicial immunity to arbitrators."); *Austern v. Chicago Bd. Options Exch., Inc.*, 898 F.2d 882, 886 (2d Cir. 1990), *cert. denied*, 498 U.S. 850 (1990)(discussing function of judicial immunity and holding that arbitrators are similarly "absolutely immune").  A claim therefore is also completely devoid of merit where a plaintiff seeks monetary damages from an arbitrator.  The court thus lacks subject-matter jurisdiction to hear the plaintiff's claims against L.D. May and will dismiss all claims against L.D. May.

Similarly, the plaintiff's claims against Defendant Edgar Zimmerman are also completely devoid of merit.  It is unclear from the complaint how the plaintiff's alleged grounds for relief at all implicate actions taken by Mr. Zimmerman. Construing the pleadings liberally, as a court must do with a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), any claim against Mr. Zimmerman either presents a federal question pursuant to 28 U.S.C. § 1331 or seeks redress of a constitutional violation, pursuant to 28 U.S.C. § 1343(a)(3).  Under either jurisdictional basis for the complaint, this court may dismiss the claims on its own motion.  *See Keeran v. Office of Personnel Mgmt.*, 827 F.2d 770 (6th Cir. 1987) (unpublished) (discussing *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974), which held that a case brought under the federal-question statute could be dismissed for lack of subject-matter jurisdiction if "implausible . . . or

completely devoid of merit" and discussing *Hagans v. Lavine*, 415 U.S. 528 (1974), which held that a complaint for redress of a constitutional deprivation also could be dismissed for lack of subject-matter jurisdiction if devoid of merit).

Defendant Zimmerman's involvement in the proceeding as an attorney for Corhart in no way makes him potentially liable for violations of the plaintiff's constitutional rights due to alleged misconduct of the arbitrator.  Any claim against him therefore is completely devoid of merit.  For this reason, the court dismisses all claims against Defendant Zimmerman.

**V.      Conclusion**

Accordingly,

**IT IS ORDERED**:

(1)      Defendant American Arbitration Association's motion to dismiss (DE 14) is **GRANTED**.  All claims against AAA are **DISMISSED with prejudice**.

(2)      Defendant Corning Incorporated's motion for summary judgment (DE 12) is **GRANTED**.

(3)      Plaintiff's motion for judgment on the pleadings (DE 16) is **DENIED**.

**IT IS FURTHER ORDERED** that Corhart Refractories be removed as a defendant in this matter.

**IT IS FURTHER ORDERED** that on the court's own motion all claims against Defendant L.D. May and Defendant Edgar Zimmerman are **DISMISSED with prejudice**.

Signed on  November 13, 2008

Jennifer B. Coffman, Judge
United States District Court